UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RAMON E. DE JESUS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **KRISTI NOEM, SECRETARY,** | § | |
| **U.S. DEPARTMENT OF** | § | |
| **HOMELAND SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES, Ramon E. De Jesus, ("Plaintiff") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of Kristi Noem, Secretary, U.S. Department of Homeland Security (hereinafter referred to as "Defendant", "the Agency"), the Department of Homeland Security, Customs and Border Protection or "CBP"), and in support thereof respectfully shows the Court the following:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

2. Plaintiff is a citizen of the United States and a resident of El Paso County, Texas.

Plaintiff has been subjected to unlawful employment practices committed within El Paso County, Texas. Defendant U.S. Department of Homeland Security is a federal agency who operates in El Paso County and therefore, venue is proper in El Paso County, Texas per 28 U.S.C. §1391(c).

3. Defendant, Kristi Noem, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "CBP"), at all relevant times, Defendant has continuously been a Federal Agency of the United States. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to the United States Attorney for the Western District of Texas in San Antonio, c/o Civil Process Clerk, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Pam Bondi, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary Kristi Noem, Department of Homeland Security, Washington, D.C. 20528.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff RAMON E. DE JESUS timely initiated EEO counseling within 45 days of the challenged actions. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. After counseling, Plaintiff filed a formal EEO complaint alleging discrimination based on race/national origin (Hispanic/Latino, Puerto Rican) and sex (male), and retaliation for prior protected EEO activity, pursuant to Title VII, 42 U.S.C. § 2000e-16 and 29 C.F.R. Part 1614.

5. On or about January 5, 2024, a Final Agency Decision was issued by U.S. Department of Homeland Security (DHS), Office of Civil Right and Civil Liberties (CRCL), in

which the CRCL found that Plaintiff failed to prove that U.S. Customs and Border Protection (CBP) discriminated or retaliated against Plaintiff. Plaintiff then filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's final decision. Then the notice dated September 15, 2025 in the EEOC Final Decision stated that Plaintiff had 90 days to file a civil action to appeal this decision. Pursuant to 42 USCS § 2000e-16(c), Plaintiff has filed this complaint.

## III.

## FACTUAL BACKGROUND

6. This is a discrimination and retaliation case filed by Plaintiff, Ramon E. De Jesus, a Supervisory CBP Officer (GS-1895-13) with the Office of Field Operations, El Paso Field Office, assigned to the Presidio, Texas Port of Entry. Plaintiff alleges discrimination based on race/national origin (Puerto Rican) and gender (male), and retaliation for prior EEO activity.

7. Plaintiff is a Hispanic/Latino (Puerto Rican) male. Management knew or should have known of Plaintiff's protected characteristics and his prior EEO activity through personnel records and explicit notice.

8. On May 30, 2021, and on or around July 18, 2021, Complainant learned he was not selected for the position of SCBPO (Second Line), GS-1895-13, in Douglas, AZ and Presidio, TX, as advertised under Announcement Number: OFO-IMP-10882079-RLL.

9. On May 30, 2021, Complainant learned he was not selected for the position of SCBPO (First Line), GS-1895-13, in Douglas, AZ, as advertised under Announcement Number: OFO-IMP-10899124-RLL.

10. On May 30, 2021, Complainant learned he was not Selected for the position of CBP Officer (Canine), GS-1895-12, in Douglas, AZ, announced internally via email.

11. On or around June 18, 2021, Complainant learned he was not selected for the position of SCBPO (Assistant Port Director), GS-1895-13, in Presidio, TX, as advertised under Announcement Number: OFO-IMP-11095765-BRH.

12. On or around August 4, 2021, Complainant learned he was not selected for the position of SCBPO (Second Line), GS-1895-13, in Douglas, AZ, as advertised under Announcement Number: OFO-IMP-11086968-RLL.

13. On or about October 26, 2021 and other times, Plaintiff supervised Use-of-Force/Firearms functions but was excluded from key program emails and denied required recertification/training needed to perform those duties. The Port Director stated he did not want to "lose a spot" on training for Plaintiff resulting in officers with less seniority being sent to training and copied on program communications instead of Plaintiff.

14. On or about November 3, 2021, the Port Director placed a coercive call to Plaintiff, demanded details about an upcoming interview with the Agency, and threatened discipline if he didn't provide the information he wanted; this was retaliation and discrimination.

15. On or around January 5, 2022, Complainant learned he was not selected for the position of SCBPO (First Line), GS-1895-13, in Douglas, AZ, as advertised under Announcement Number: OFO-IMP-11086972-RLL.

16. On January 15, 2022, despite overseeing the Use of Force program, Complainant was excluded from attending a Firearms Instructor Course, while five employees with less seniority than Complainant were selected to attend.

17. On April 5, 2022, Assistant PD (APD) Michelle Power requested that Complainant provide a memorandum regarding a bullet proof vest lost in 2021, even though the vest was assigned to APD Power at the time it was lost. Upon information and belief, Plaintiff then received a Letter

of Reprimand.

18. Plaintiff timely initiated EEO counseling/filing, received the applicable notice/final action, and venue is proper in this District.

19. Plaintiff alleges the training denials, exclusion from critical communications, coercive threats, discipline, and non-selections were motivated by his protected characteristics and in retaliation for his prior EEO activity.

20. Plaintiff seeks make-whole relief for missed training and promotions, back pay and benefits, compensatory damages, attorney's fees, and all other appropriate relief.

## IV.

## CLAIMS

**A.    Race/National Origin and Gender Discrimination**

21. Plaintiff incorporates by reference all allegations set forth in paragraphs **1 through 20** above.

22. Plaintiff will show Defendant's aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-16(a), *et seq.* and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a.

23. Plaintiff seeks make-whole relief, including back pay, front pay or instatement/promotion, expungement of the Letter of Reprimand, restoration of training/certifications and collateral duties, adjusted seniority and compensation, and compensatory damages as permitted by Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-16(a), et seq. and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a, together with pre- and post-judgment interest and appropriate equitable relief.

**B.    Retaliation**

24. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 23 above.

25. Plaintiff engaged in protected EEO activity, of which management had knowledge. In violation of Title VII's anti-retaliation provision (applied in the federal sector via 42 U.S.C. § 2000e-16 and § 2000e-3(a)), Defendant took materially adverse actions against Plaintiff. The temporal proximity between these acts also supports retaliatory motive.

26. Plaintiff seeks the relief described in paragraph 23 and all other make-whole and equitable remedies available under Title VII.

### C. Hostile Work Environment

27. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 26 above.

28. Defendant subjected Plaintiff to a hostile work environment based on race/national origin, sex, and/or retaliation, including exclusion from essential communications and trainings for a program he supervised, the November 3, 2021 coercive/disciplinary threat regarding an outside interview, and retaliatory discipline (the April 5, 2022 LOR). The conduct was severe or pervasive, altered the terms and conditions of employment, and is imputable to Defendant.

29. Plaintiff seeks the relief described in paragraph 23 and all other make-whole and equitable remedies available under Title VII.

### D. Attorneys' Fees and Costs

30. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 29 above.

31. Plaintiff seeks recovery of his reasonable and necessary attorneys' fees and all costs of court incurred herein.

## V.

## CONDITIONS PRECEDENT

32. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 31 above.

33. Plaintiff would show that all conditions precedent to his lawful recovery herein have been performed or occurred.

## VI.

## DENOVO REVIEW REQUESTED

34. Plaintiff seeks de novo review of his claims. When a federal agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c).

## JURY DEMAND

35. Plaintiff requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing he be provided the following relief:

(i) Reinstatement to the promoted position;
(ii) Front pay and back pay within the jurisdictional limits of the Court;
(iii) Compensatory damages;
(iv) Any appropriate injunctive relief;
(v) Pre-judgment and post-judgment interest at the highest rates allowed by law;
(vi) All reasonable and necessary attorneys' fees incurred as specified herein;
(vii) All costs of court;
(viii) Seeks de novo review of his claim; and
(ix) Such other and further relief, at law or in equity, to which Plaintiff would show he is justly entitled.

        Respectfully submitted,

        **MARTINEZ & MARTINEZ LAW FIRM, PLLC**
        *Attorneys for Plaintiff*
        2110 E. Yandell Dr.
        El Paso, Texas 79903
        (915) 541-1000 phone
        (915) 541-1002 facsimile

By:    */s/ Raymond D. Martinez*
        **RAYMOND D. MARTINEZ**
        State Bar No. 24002537
        raymond@martinezlawyers.com